# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELAINE K. VILLAREAL,<br><br>       Petitioner,<br><br>    v.<br><br>COUNTY OF FRESNO, et al.,<br><br>       Respondents. | Case No. 1:16-cv-00808-SAB-HC<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING CLERK OF COURT TO CLOSE CASE, AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has consented to the jurisdiction of the United States Magistrate Judge. (ECF No. 7).

## I.

### DISCUSSION

Rule 4 of the Rules Governing Section 2254 Cases requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." By statute, federal courts "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A claim is cognizable in habeas

1   when a prisoner challenges "the fact or duration of his confinement" and "seeks either immediate

2   release from that confinement or the shortening of its duration." Preiser v. Rodriguez, 411 U.S.

3   475, 489 (1973). In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper

4   method for a prisoner to challenge the conditions of confinement. McCarthy v. Bronson, 500

5   U.S. 136, 141–42 (1991); Preiser, 411 U.S. at 499.

6        In the instant petition, Petitioner claims that the living conditions at the Fresno County

7   jail are inhumane and there is no proper rehabilitation for inmates. (ECF No. 1 at 3–4).[1]

8   Petitioner does not challenge any aspect of her conviction or sentence or the fact or duration of

9   her confinement. The Ninth Circuit has "long held that prisoners may not challenge mere

10  conditions of confinement in habeas corpus." Nettles v. Grounds, --- F.3d ----, 2016 WL

11  4072465, at *8 (9th Cir. July 26, 2016) (en banc) (citing Crawford v. Bell, 599 F.2d 890, 891–92

12  (9th Cir. 1979)). Accordingly, Petitioner has failed to state a cognizable claim for habeas corpus

13  relief, and this petition must be dismissed.

14       Having found that Petitioner is not entitled to habeas relief, the Court now turns to the

15  question of whether a certificate of appealability should issue. See Rule 11, Rules Governing

16  Section 2254 Cases. A state prisoner seeking a writ of habeas corpus has no absolute entitlement

17  to appeal a district court's denial of his petition, and an appeal is only allowed in certain

18  circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335–36 (2003). The controlling statute in

19  determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides:

20              (a) In a habeas corpus proceeding or a proceeding under section
21              2255 before a district judge, the final order shall be subject to
                review, on appeal, by the court of appeals for the circuit in which
22              the proceeding is held.

23              (b) There shall be no right of appeal from a final order in a
                proceeding to test the validity of a warrant to remove to another
24              district or place for commitment or trial a person charged with a
                criminal offense against the United States, or to test the validity of
25              such person's detention pending removal proceedings.
                (c) (1) Unless a circuit justice or judge issues a certificate of
26                  appealability, an appeal may not be taken to the court of
                    appeals from–

27

28  [1] Page numbers refer to the ECF page numbers stamped at the top of the page.

1

(A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

2

3

(B) the final order in a proceeding under section 2255.

4

(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

5

6

(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

7

8      If a court denies habeas relief on procedural grounds without reaching the underlying

9   constitutional claims, the court should issue a certificate of appealability "if jurists of reason

10  would find it debatable whether the petition states a valid claim of the denial of a constitutional

11  right and that jurists of reason would find it debatable whether the district court was correct in its

12  procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). "Where a plain procedural bar

13  is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist

14  could not conclude either that the district court erred in dismissing the petition or that the

15  petitioner should be allowed to proceed further." Id.

16      In the present case, the Court finds that reasonable jurists would not find the Court's

17  determination that Petitioner's federal habeas corpus petition should be dismissed debatable or

18  wrong, or that Petitioner should be allowed to proceed further. Therefore, the Court declines to

19  issue a certificate of appealability.

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

## II.

## ORDER

Accordingly, the Court HEREBY ORDERS that:

1.   The petition for writ of habeas corpus is DISMISSED;

2.  The Clerk of Court is DIRECTED to CLOSE the case; and

3.  The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   **August 11, 2016**

UNITED STATES MAGISTRATE JUDGE